UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LATOYA FRANKLIN | ) JURY TRIAL DEMANDED |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.  CIV-18-623-M |
| | ) |
| MEDICAL DATA SYSTEMS, TULSA | ) |
| ADJUSTMENT BUREAU INC, and | ) |
| MIDWEST RECOVERY SYSTEMS LLC | ) |
| Defendant. | ) |

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

## I.    INTRODUCTION

1. This is an action for actual and statutory brought by Plaintiff LaToya Franklin an individual consumer, against Defendants Medical Data Systems, Tulsa Adjustment Bureau Inc, and Midwest Recovery Systems LLC (hereinafter collectively referred to as "Debt Collectors") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.    JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendants transact business in Oklahoma City, Oklahoma County, Oklahoma, and the conduct complained of occurred in Oklahoma City, Oklahoma County, Oklahoma.

## III.   PARTIES

3. Plaintiff LaToya Franklin (hereinafter "Ms. Franklin") is a natural person residing in Oklahoma City, Oklahoma County, Oklahoma. Ms. Franklin is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(3).

4. Upon information and belief, Defendant Medical Data Systems is a Florida corporation with its principal place of business located at 2150 15th Ave., Vero Beach, FL 32960.

5. Defendant Medical Data Systems is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempt to collect consumers' debts alleged to be due to another.

6. Upon information and belief, Defendant Tulsa Adjustment Bureau Inc. is an Oklahoma corporation with its principal place of business located at 2448 E 81st Street, Suite 4700, Tulsa, OK 74137.

7.  Defendant Tulsa Adjustment Bureau Inc. is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempt to collect consumers' debts alleged to be due to another.

8.  Upon information and belief, Defendant Midwest Recovery Systems LLC, is a Missouri corporation with its principal place of business located at 2747 W Clay Street, Suite A, Saint Charles, MO 63301.

9.  Defendant Midwest Recovery Systems LLC is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempt to collect consumers' debts alleged to be due to another.

## IV.   FACTS OF THE COMPLAINT

10.  Defendant Medical Data Systems (hereinafter referred to as "Debt Collector MDS"), Defendant Tulsa Adjustment Bureau Inc. (hereinafter referred to as "Debt Collector TAB"), and Midwest Recovery Systems LLC (hereinafter referred to as "Debt Collector MRS") are a "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

11.  On or about April 8, 2018, Ms. Franklin applied for and was denied a mortgage.  Ms. Franklin subsequently obtained a copy of her credit report and noticed incomplete, inaccurate, and false information.

12.  On the report, Ms. Franklin observed a trade line from Debt Collector MDS.

13.    Debt Collector MDS furnished four debts in the amount of $708, $3000, $1066, $911 with account numbers of 4460336, 4506385, 4522334, and 4193277 respectively.  All debts were allegedly owned to Alliancehealth Deaconess.

14.    On the report, Ms. Franklin also observed a trade line from Debt Collector TAB.

15.    Debt Collector TAB furnished three debts in the amount of $192, $34, $64 with account numbers of 162724983, 161381123, 150651872 respectively.

16.    On the report, Ms. Franklin also observed a trade line from Debt Collector MRS.

17.    Debt Collector MRS furnished three debts in the amount of $418, $979, $932 with account numbers of L8157403563305, L8157400T26809, and L8157400X50832.  Each debt allegedly owed to Emergency Services of Oklahoma.

18.    On or about April 8, 2018, Ms. Franklin mailed a letter to Equifax Information Services LLC ("Equifax") that disputed the validity (accuracy and completeness) of the debt that the Debt Collectors were furnishing to the consumer-reporting agency.

19.    Ms. Franklin also requested account-level documentation regarding the accounts that the Debt Collectors were inaccurately reporting.

20.    On or about May 4, 2018, Ms. Franklin received re-investigation results from Equifax and checked her credit on the government sponsored website annualcreditreport.com.

21.    On both reports each debt collector failed to disclose Ms. Franklin's disputes.

22.    Each debt collector verified the debts did so without disclosing that Ms. Franklin had disputed the debt.

23.    None of the Debt Collectors provided any account-level documentation that would evidence the veracity of the accounts.

24.    Upon information and belief, Equifax sent a dispute communicating to both debt collectors, providing all relevant information pursuant to 15 U.S.C. § 1681i(a)(2).

25.    Debt Collectors negatively impacted Ms. Franklin's credit score by failing to disclose Ms. Franklin's dispute.

26.    The information provided by the Debt Collectors on Ms. Franklin's credit report is false, inaccurate, and without any supporting account-level documentation.

27.   Debt Collector's publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Ms. Franklin and caused credit denials, severe humiliation, and emotional distress and mental anguish.

## V.    FIRST CLAIM FOR RELIEF
### (Defendants Medical Data Systems, Tulsa Adjustment Bureau Inc., and Midwest Recovery Systems LLC)
### 15 U.S.C. §1692e(8)

28.   Ms. Franklin re-alleges and reincorporates all previous paragraphs as if fully set out herein.

29.   The debt collectors violated the FDCPA.

30.   The Debt Collectors' violations include, but are not limited to, the following:

The debt collectors violated 15 U.S.C § 1692e(8) of the FDCPA by failing to disclose to the consumer reporting agencies that alleged debt was in dispute by Ms. Franklin.

31.   As a result of the above violations of the FDCPA, the Defendants are liable to the Ms. Franklin actual damages, statutory damages and cost.

## VI.    JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff LaToya Franklin respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Debt Collector MDS, Debt Collector TAB, and Debt Collector MRS for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C. § 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C. § 1692k(2);

D. Cost and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(3);

E. For such other and further relief as the Court may deem just and proper.

> Respectfully submitted:
>
> **Law Office of Jeffrey A. Wilson**
> 4141 Southwest Freeway Ste. 425
> Houston, TX 77027
> Phone: (713) 561-3011
> Fax: (713) 583-5470
> jawilson.esq@gmail.com
>
> By: /s/ Jeffrey A. Wilson*
> **JEFFREY A. WILSON**
> Fed No: 3062300

7