# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LATOYA FRANKLIN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. CIV-18-623-M |
| MEDICAL DATA SYSTEMS, TULSA ADJUSTMENT BUREAU, INC., and MIDWEST RECOVERY SYSTEMS LLC, | ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is defendant Tulsa Adjustment Bureau, Inc.'s ("TAB") Motion to Dismiss the Complaint for Failure to State a Claim for Relief under Fed. R. Civ. P. 12(b)(6), filed July 23, 2018. On August 12, 2018, plaintiff filed her response. TAB did not file a reply.

On June 25, 2018, plaintiff filed the instant action against defendants, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). TAB now moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiff's Complaint for failure to state a claim upon which relief may be granted.

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that

> are merely consistent with a defendant's liability, it stops short of
> the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).[1]

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true, and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has set forth sufficient factual allegations to state a claim against TAB for violating the FDCPA. Specifically, in her Complaint, plaintiff alleges: (1) TAB is engaged in the collection of debt from consumers and is a debt collector as defined by the FDCPA (Complaint at ¶¶ 7, 10); (2) on plaintiff's credit report is a trade line from TAB, and this trade line was incomplete, inaccurate, and/or provided false information (Complaint at ¶¶ 11, 14); (3) on or about April 8,

---

[1] While TAB cites to *Iqbal* in its motion, TAB appears to misunderstand the requirements of *Iqbal*. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court reviews the face of the complaint and does not consider any evidence submitted that is not specifically referenced/attached to the complaint. In its motion, however, TAB cites to, and attaches, evidence, particularly an affidavit of Kensie Thrash, TAB's supervisor, that is not specifically referenced/attached to plaintiff's Complaint. Additionally, plaintiff is not required to attach to her complaint evidence in support of her allegations/claims. As set forth above, in reviewing a Rule 12(b)(6) motion to dismiss, a court presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff. However, in its motion to dismiss, TAB relies, in part, upon plaintiff's failure to attach evidence to support her claim.

2018, plaintiff mailed a letter to Equifax Information Services LLC ("Equifax") that disputed the validity of the debt that TAB was furnishing to the consumer reporting agency (Complaint at ¶ 18); (4) Equifax sent a dispute communication to TAB, providing all relevant information pursuant to 15 U.S.C. § 1681i(a)(2) (Complaint at ¶ 24); and (5) on May 4, 2018, plaintiff checked her credit report and on that report, TAB failed to disclose that plaintiff had disputed the debt (Complaint at ¶¶ 20-22). The Court, therefore, finds plaintiff's Complaint should not be dismissed.

Accordingly, the Court DENIES TAB's Motion to Dismiss the Complaint for Failure to State a Claim for Relief under Fed. R. Civ. P. 12(b)(6) [docket no. 5].

**IT IS SO ORDERED this 7th day of September, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE